908 F.2d 966
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
AGS GENASYS CORPORATION, a Delaware Corporation; AGS
Computers, Inc., Plaintiffs-Appellees,
v.
David W. NIXON, Stephen R. Malcom, Defendants-Appellants,
and
TRI-COR Computers, Inc., Louis Gonzalez, TRI-COR Industries,
Inc., Defendants.
AGS GENASYS CORPORATION, a Delaware Corporation; AGS
Computers, Inc., Plaintiffs-Appellants,
v.
TRI-COR COMPUTERS, INC., Louis Gonzalez, TRI-COR Industries,
Inc., David W. Nixon, Stephen R. Malcom,
Defendants-Appellees.
 Nos. 89-2442, 89-2459.
 United States Court of Appeals, Fourth Circuit.
 Argued March 7, 1990.
Decided July 11, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (CA-88-206PN).
 Robert Brian Fitzpatrick, Fitzpatrick & Verstegen, Washington, D.C., (argued), for appellants; Mark D. Laponsky, Fitzpatrick & Verstegen, Washington, D.C. on brief.
 James Patrick Sullivan, Kidwell, Kent & Sullivan, Rockville, Md., for appellees.
 D.Md.
 AFFIRMED.
 Before MURNAGHAN, Circuit Judge, BUTZNER, Senior Circuit Judge, and Frank A. KAUFMAN, Senior United States District Judge for the District of Maryland, Sitting by Designation.
 PER CURIAM:
 
 
 1
 The first lawsuit between the parties began on October 15, 1987. AGS Genasys Corporation ("AGS") brought suit in Maryland state court against David Nixon, Stephen Malcom, TRI-COR Industries ("TRI-COR"), and TRI-COR's president Louis Gonzalez. Nixon and Malcom had been AGS employees, performing work on a contract AGS had entered into with the United States Small Business Administration ("SBA"). However, when the SBA awarded the contract previously held by AGS to TRI-COR, Nixon and Malcom left AGS to work for TRI-COR. Nixon and Malcom's departure inspired AGS to bring its state court action against all the defendants, alleging breach of contract, breach of duty of fidelity, interference with contract, conspiracy, and antitrust violations.
 
 
 2
 AGS's suit had one critical, if merely technical, flaw: AGS was not registered to do business in Maryland.[1] As a result, AGS could not bring suit in Maryland state court. See Md. Corps. & Ass'ns Code Ann. Sec. 7-301. Taking advantage of AGS's non-registration in Maryland, Gonzalez, the president of TRI-COR, formed a Maryland corporation with the name AGS Genasys Corporation on January 11, 1988, thereby preventing AGS from curing the jurisdictional defect by registering its new name. Counsel for Nixon and Malcom learned of Gonzalez's maneuver on January 13, 1988. Two days later, all four defendants, including Nixon and Malcom, moved to dismiss AGS's suit on the grounds that AGS was not registered, and, after Gonzalez's actions, it could not be registered.
 
 
 3
 Eleven days after the motion to dismiss was filed in state court, AGS and its parent corporation, AGS Computers, Inc., brought the federal court action which has led to the instant appeal. The suit named as defendants Gonzalez, TRI-COR, the newly incorporated AGS Genasys Corporation, Nixon and Malcom. The complaint alleged federal and state antitrust violations, fraud and deceit, and common law and statutory trademark infringement. The factual basis of the suit was the effect that the January 11, 1988, incorporation by Gonzalez would have on AGS's abilities to prosecute its state court action and to do business under the name to which it considered itself rightfully entitled. Although AGS recognized that Gonzalez was "the sole incorporator, the sole director, and resident agent" of the newly incorporated entity, it charged that Nixon and Malcom were also liable because they allegedly conspired with Gonzalez to commit the allegedly unlawful act of incorporation under the AGS Genasys name.
 
 
 4
 Nixon and Malcom moved the district court to dismiss the action against them under Fed.R.Civ.P. 12(b)(6), or, in the alternative, to grant a motion for summary judgment. They claimed that there was no evidence linking them to the allegedly unlawful January 11, 1988, incorporation, which was the critical act giving rise to the various causes of action alleged in the federal suit. Nixon and Malcom also moved the district court for sanctions pursuant to Fed.R.Civ.P. 11 on the grounds that "plaintiffs' counsel, and plaintiffs, knew when the complaint was filed that no basis existed for the claims against Malcom and Nixon."
 
 
 5
 On December 9, 1988, the district court heard oral argument on Nixon and Malcom's motions. On December 13, 1988, the court granted the motion for summary judgment, but denied the request for Rule 11 sanctions. The court based its summary judgment ruling on the fact that, other than Nixon and Malcom's participation in the state court motion to dismiss, there was "not one scintilla of evidence to suggest that Nixon and Malcom ever got together ... ever reached an agreement, ever participated in a combination." The court gave no explanation for its denial of Rule 11 sanctions. The district court's decision has given rise to an appeal by Nixon and Malcom of the denial of the request for sanctions and a cross-appeal by AGS of the underlying summary judgment holding. We address these two issues in reverse order.
 
 
 6
 We agree with the district court that AGS has failed to come forward with evidence connecting Nixon and Malcom with the central unlawful act (the January 11, 1988, incorporation) which was directly committed, as AGS admits, only by Gonzalez. Because AGS can point to nothing more than Nixon and Malcom's participation in the January 15, 1988, motion to dismiss the state court action, it has not satisfied the standard for avoiding summary judgment as stated in Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Accordingly, we affirm as to AGS's cross-appeal of the district court's summary judgment holding.
 
 
 7
 We also affirm the district court's denial of the motion for Rule 11 sanctions. As Nixon and Malcom concede, a district court's decision regarding Rule 11 sanctions is to be reviewed only for an abuse of discretion. See Basch v. Westinghouse, 777 F.2d 165, 174 (4th Cir.1985), cert. denied, 475 U.S. 1108 (1986). In retrospect, it is apparent that there were insufficient facts to support AGS's suit against Malcom and Nixon. Nevertheless, particularly in light of the unity with which Nixon, Malcom, Gonzalez and TRI-COR had acted and the loose standard of conspiracy advocated by AGS's counsel (in good faith, the district court could reasonably conclude), the violation of Rule 11, if any there was, was so non-apparent that we would not be justified in finding an abuse of discretion by the district court.
 
 
 8
 Nixon and Malcom call our attention to the fact that the district court did not give explicit reasons for its Rule 11 decision. Although at least a short statement of reasons for a Rule 11 ruling would usually be preferable, we decline to adopt a rule requiring remand every time a district court fails to announce its reasons for denying sanctions. Where, as here, there is a fully developed record regarding the underlying claim giving rise to the allegation of a Rule 11 violation, remand for enunciation of reasons would serve no purpose. The reasons are fully discernible from the Record. Accordingly, the absence of stated reasons for the district court's decision does not require reversal.
 
 The decision of the district court is
 AFFIRMED.[2]
 
 
 [1]
 AGS had previously been known as, and was registered in Maryland as, Genasys Corporation. The name change was a result of the acquisition of Genasys Corporation by AGS Computers, Inc., during the summer of 1987. Genasys Corporation neglected to inform the Maryland State Department of Assessments and Taxation of its name change within the required sixty days. Thus, at the time it brought suit, AGS Genasys Corp. was not registered in Maryland
 
 
 [2]
 In addition to affirming the denial of the request for Rule 11 sanctions, we decline to award costs to either party